John A. Kawai, SBN 260120
TRIAL LAWYERS FOR JUSTICE
877 S. Victoria Ave., Suite 201
Ventura, CA 93003
Tel: (310) 855-3727
Fax: (310) 855-63595
Email: jk@tl4j.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "MARY MOE" as next friend for "R.," a minor; "LILY;" "SARAH;" "MAUREEN;" "VIOLET;" "SLOANE;" and "PIA,"<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY ALLEN HORWATH,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

The Plaintiffs, on their own behalf and by their corresponding next friend as indicated, and through their attorney of record John A. Kawai of Trial Lawyers for Justice allege for their complaint as follows:

**NATURE OF THE ACTION**

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statute 18 U.S.C. §§2252(a)(2) and (a)(4)(B).

2. 18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

**PARTIES**

1. "Mary Moe" is the mother and next friend for "R." who is currently a minor and resides outside of the District of Eastern California.

2. "R." is the initial for the pseudonym for the victim depicted in the Teal&PinkPrincess2 child pornography series.

3. "Lily" is an adult and resides outside the District of Eastern California.

4. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

5. "Sarah" is an adult and resides outside the District of Eastern California.

6. "Sarah" is the pseudonym for the victim depicted in the Marineland1 child pornography series.

7. "Maureen" is an adult and resides outside the District of Eastern California.

8. "Maureen" is the pseudonym for the victim depicted in the Lighthouse1 child pornography series.

9. "Violet" is an adult and resides outside the District of Eastern California.

10. "Violet" is the pseudonym for the victim depicted in the At School child pornography series.

11. "Sloane" is an adult and resides outside of the Eastern District of California.

12. "Sloane" is the pseudonym for the victim depicted in the Tara child pornography series.

13. "Pia" is an adult and resides outside the District of Eastern California.

14. "Pia" is the pseudonym for the victim depicted in the Sweet White Sugar child pornography series.

15. Each of the plaintiffs is a person who was sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from defendant's possession.

16. Timothy Allen Horwath [hereinafter "Defendant"] is an adult who, upon information and belief, resides within the District of Eastern California.

**JURISDICTION AND VENUE**

17. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 28 U.S.C. § 2255.

18. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving it rise to the Plaintiffs' claims occurred in this judicial district.

**FACTS**

**The Defendant Committed the crime of Possession of Child Pornography in Violation of 18 U.S.C. §2252(a)(4)(B) .**

19. Defendant was charged in the United States District Court, Eastern District of California, in the matter denominated *United States v. Timothy Allen Horwath*, [EDCA] Case No. 2:19-cr-00216-JAM-1, with the crime of Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2). This crime was alleged to have been committed on or about February 25, 2019, and continued through on or about October 10, 2019. As a part of this crime, defendant also possessed the child pornography images of the Plaintiffs herein.

2. On April 25, 2023 Defendant pleaded guilty to Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2), as charged and was sentenced on September 26, 2023, with a judgment entered against him on October 2, 2023.

3. The Court, in its judgment entered on October 2, 2023, ordered Defendant to pay restitutions to the Plaintiffs herein.

**Plaintiffs are Victims of Defendant's Crime of Possession of Child Pornography**

1. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies.

2. On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child

pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report.

3. On November 29, 2022, Plaintiffs first received notice from VNS that their child pornography images were among those possessed by Defendant in violation of federal child pornography law.

## CLAIM FOR RELIEF

### Civil Remedy Under 18 U.S.C. § 2255(a)

1. The Plaintiffs repeat and re-allege all prior paragraphs.

2. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252(a)(4)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

3. The Defendant pleaded guilty to the predicate federal child pornography crime of Receipt of Child Pornography found at 18 U.S.C. § 2252(a)(2).

4. As a part and parcel of his commission of the crime of Receipt of Child Pornography, Defendant also possessed child pornography which is proscribed in 18 U.S.C. § 2252(a)(4)(B).

5. Each Plaintiff is a victim of Defendant's violation of 18 U.S.C. § 2252(a)(4)(B).

6. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

7. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

1. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

2. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

3. Litigation costs pursuant to 18 U.S.C. § 2255(a);

4. Pre-judgment and post-judgment interest;

5. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.


Respectfully submitted,

DATED this 16th day of February, 2024.


**TRIAL LAWYERS FOR JUSTICE**

By: /s John A. Kawai
John A. Kawai, SBN 260120
877 S. Victoria Ave., Suite 201
Ventura, CA 93003
Tel: (310) 855-3727
Fax: (310) 855-3595
Email: jk@tl4j.com

*Attorney for Plaintiffs*